UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DUNG QUOC PHAM** | **CIVIL ACTION NO. 16-00467** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **UNIVERSITY OF LOUISIANA AT MONROE, ET AL.** | **MAG. JUDGE KAREN L HAYES** |

## MEMORANDUM ORDER

Pending before the Court is a Motion for a Temporary Restraining Order [Doc. No. 2] filed by Plaintiff Dung Quoc Pham ("Pham") against multiple administrators of the University of Louisiana at Monroe School of Pharmacy in both their individual and official capacities ("ULM"). This lawsuit concerns disciplinary actions ULM took against Pham which culminated in his expulsion on April 1, 2016. Pham claims that ULM took these actions without providing him due process of law under the Fourteenth Amendment to the United States Constitution. Pham also maintains a state law breach of contract claim against ULM for allegedly deviating from its own procedural rules. Because examinations at ULM are ongoing and Pham has already missed at least one exam, he moves the Court for a temporary restraining order compelling ULM to reinstate Pham.

For the following reasons, Pham's Motion for a Temporary Restraining Order [Doc. No. 2] is DENIED.

To obtain a temporary restraining order, "the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest."

*Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

Generally, higher education disciplinary decisions implicate the Due Process Clause. *See Flaim v. Medical College of Ohio*, 418 F.3d 629, 633 (6th Cir. 2005) (citing *Jaksa v. Regents of Univ. of Mich.*, 597 F.Supp. 1245 (E.D. Mich. 1984) *aff'd*, 787 F.2d 590 (6th Cir. 1986)); *Goss v. Lopez*, 419 U.S. 565, 575 (1975). The Due Process Clause guarantees notice and the opportunity to be heard. *See Goss*, 419 U.S. at 579 (citations omitted). The level of notice and the procedural safeguards of the hearing will vary depending on the strength of the interest at stake. "Longer suspensions and expulsions. . . may require more formal procedures." *Id*. at 584. "Notice satisfies due process if the student 'had sufficient notice of the charges against him and a meaningful opportunity to prepare for the hearing.'" *Flaim*, 418 F.3d at 638 (quoting *Jaksa*, 597 F.Supp. at 1250, *aff'd* 787 F.2d 590)). In the context of an expulsion, "the notice should contain a statement of the specific charges and grounds which, if proven, would justify expulsion under the regulations of the Board of Education." *Dixon v. Ala. State Bd. of Ed.*, 294 F.2d 150, 158 (5th Cir. 1961).

With respect to the hearing, even in an expulsion situation, an adversarial hearing with all the formalities of a criminal trial is not required. *Id*. at 159. Rather, in such circumstances, "a hearing which gives the Board or the administrative authorities of the college an opportunity to hear both sides in considerable detail is best suited to protect the rights of all involved." *Id*. Importantly, a deviation from student judicial codes, handbooks, and the like, is not a violation of due process, even if the rule is procedural in nature. *Foo v. Trustees, Ind. Univ.*, 88 F.Supp.2d 937, 952 (S.D. Ind. 1999)

("[T]he Code provides students with the right to three day notification of Judicial Conferences, but the rights conferred by the Code are not relevant to the federal due process analysis.") (citing *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993) ("As we tirelessly but unavailingly remind counsel in this court, a violation of state law (for purposes of this case the student judicial code may be treated as a state law) is not a denial of due process even if the state law confers a procedural right. The standard of due process is federal."); *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 252 (7th Cir. 1976) ("The fact that Professor Garnier did not comply with Section 3.2(3) of the Student Code of Conduct when he gave plaintiff failing grades does not, in itself, constitute a violation of the Fourteenth Amendment.").

Initially, Pham was accused of cheating on March 19, 2015. After notifying him of the charge and allowing him to participate in a hearing, ULM gave Pham a failing grade in the course at issue and placed him on probation. With regard to this procedure, Pham mostly complains that the school deviated from its own disciplinary procedural rules by not allowing him to cross examine witnesses, not providing him with anything other than the minutes of the disciplinary proceeding, and injecting bias into the appeals process. However, due process, in this context does not necessarily require cross examination. *See Dixon*, 294 F.2d at 159. Nor does it require an appeals process. *See Flaim*, 418 F.3d at 642. Finally, due process does not necessarily require that the school give the student a verbatim record of the disciplinary proceedings. *See Gorman v. Univ. of R. I.*, 837 F.2d 7, 15-16 (1st Cir. 1988). Pham received the minutes from the initial disciplinary proceeding; the minutes likely constitute a sufficient record for due process purposes. *Id.* Accordingly, Pham has not shown a substantial likelihood of success on the merits with respect to the initial cheating charge.

Plam was accused of cheating a second time in November 2015. ULM held an initial hearing

on the charge. After Pham complained about the procedures followed, ULM held a supplemental hearing prior to deciding to expel him. Although two hearings were held on the second incident, Pham claims that ULM's disciplinary procedures violated his right to procedural due process. At this stage in the proceedings, however, Pham has not carried his burden of persuading the Court that he has a substantial likelihood of success on the merits.

Pham, again, points mostly to ULM's violations of its own rules which establish protections in excess of those afforded by the Due Process Clause. For example, he alleges that ULM again prevented him from cross examining witnesses at the initial hearing. Pham also complains that ULM did not provide him with a recording of the hearing or written findings of fact.

First, while ULM may offer such safeguards, the constitution does not necessarily compel them. *See Dixon*, 294 F.2d at 159; *Flaim*, 418 F.3d at 642. Second, to the extent errors compromised the initial hearing on Pham's second cheating charge, ULM conducted a second, abbreviated hearing which likely cured any deficiency in the initial hearing. *See Bistrick v. Univ. of S.C.*, 324 F.Supp. 942, 952 (D. S.C. 1971). (noting that a *de novo* hearing usually cures any deficiencies in the initial hearing) (citations omitted).

Turning to the state law breach of contract claim, Pham claims that ULM's deviations from its own procedural rules violates the contract between student and university. Louisiana courts recognize a contractual relationship between a student and a *private* university. *Guidry v. Our Lady of the Lake Nurse Anesthesia Prog.*, 14-0461, (La. App. 1 Cir. 1/29/15); 170 So.3d 209, 213. However, it is unclear whether Louisiana recognizes a contractual relationship between a student and *public* university. Without deciding whether the relationship in this case is contractual, the Court notes that the breach of contract claim faces Eleventh Amendment issues which further show that

Pham has not met his burden of showing a substantial likelihood of success on the merits.

For the foregoing reasons,

IT IS ORDERED that Pham's Motion for a Temporary Restraining Order [Doc. No. 2] is DENIED.

IT IS FURTHER ORDERED that a telephone status conference is SET for April 18, 2016 at 1:30 p.m., to discuss the preliminary injunction hearing. The Court will provide counsel with the call in information.

MONROE, LOUISIANA, this 8th day of April, 2016.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE