UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DUNG QUOC PHAM** | **CIVIL ACTION NO. 16-00467** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **UNIVERSITY OF LOUISIANA AT MONROE, ET AL.** | **MAG. JUDGE KAREN L HAYES** |

### MEMORANDUM ORDER

Plaintiff Dung Quoc Pham ("Pham") filed this lawsuit against Defendants the University of Louisiana at Monroe ("ULM"); Dean Benny Blaylock, individually and in his official capacity as Dean of ULM's College of Pharmacy ("Dean Blaylock"); Dr. Keith Jackson, individually and in his official capacity as Faculty Chairperson of the Board of Ethics of ULM's College of Pharmacy ("Dr. Jackson"); Dr. Tibb Jacobs, individually and in her official capacity as Faculty Chairperson of the Board of Ethics of ULM's College of Pharmacy ("Dr. Jacobs"); Dr. Michael Cockerham, individually and in his official capacity as Associate Dean of Academic Affairs of ULM's College of Pharmacy ("Dr. Cockerham"); Dr. Khalid El Sayed, individually and in his official capacity as Professor of ULM's College of Pharmacy ("Dr. El Sayed"); Eric A. Pani, individually and in his official capacity as Vice President of Academic Affairs for ULM ("Pani"); and Sherrye Carradine, individually and in her official capacity as in-House Counsel for ULM ("Carradine") (referred to collectively as "Defendants") for purported violations of 42 U.S.C. § 1983 ("§ 1983") and state law.

Pending before the Court is Defendants' Motion to Enforce Federal Rule of Appellate Procedure 10 [Doc. 35] and Pham's Motion to Amend the Notice of Appeal [Doc. No. 36]. For the following reasons, Defendants' Motion is **GRANTED,** and Pham's motion to amend is **GRANTED.**

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This suit concerns Pham's expulsion from ULM's College of Pharmacy. On April 6, 2016, Pham filed a Complaint in this Court [Doc. No. 1], as well as a request for a temporary restraining order and preliminary injunction to prevent his expulsion. [Doc. No. 2]. The Court denied Pham's request for a temporary restraining order on April 8, 2016. [Doc. No. 5].

On May 11, 2016, Defendants filed a Motion to Dismiss certain parties and claims from this lawsuit. [Doc. No. 11]. On June 6, 2016, the Court granted the motion in part, but deferred ruling on the issue of qualified immunity pending further briefing. [Doc. No. 20 & 21].

On June 7 and 8, 2016, the Court held a hearing on Pham's motion for preliminary injunction. [Doc. No. 30, p. 6]. On July 13, 2016, the Court rendered a decision on the motion for preliminary injunction and the motion to dismiss:

> IT IS ORDERED that Plaintiff's Motion for a Preliminary Injunction [Doc. No. 2] is DENIED. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' Motion to Dismiss [Doc. No. 11] on qualified immunity grounds is GRANTED, and all claims against the individual Defendants in their individual capacities for monetary damages are DISMISSED WITH PREJUDICE.

[Doc. No. 31].

On August 13, 2016, Pham appealed to the United States Court of Appeals for the Fifth Circuit "from the Order/Judgment entered in these proceedings on July 13, 2016." [Doc. No. 32]. Pham filed a request for a partial transcript for the appeal which included his counsel's opening statement and the testimony of three of the ten witnesses who testified at the hearing on June 7 -8, 2016. [Doc. No. 34]. Pham also requested to designate all of Plaintiff's exhibits as the written record. [Doc. No. 33].

On August 31, 2016, Defendants filed the instant Motion to Enforce Federal Rule of Appellate Procedure 10. [Doc. No. 35]. In response, Pham filed a memorandum in opposition to

Defendants' motion and an accompanying motion to amend his notice of appeal. [Doc. No. 36]. On September 8, 2016, Defendants filed a reply brief in response to Pham's opposition and challenged the timeliness of the new issues raised in the Motion to Amend Pham's Notice of Appeal. [Doc. No. 38].

II.     LAW AND ANALYSIS

    A.     **Motion to Amend Pham's Notice of Appeal**

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Federal Rule of Appellate Procedure 4(a)(1) requires that a litigant in a civil case "must" file any notice of appeal "with the district clerk within 30 days after the judgment or order appealed from is entered." "The notice of appeal must: (A) specify the party or parties taking the appeal . . . ; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." FED. R. APP. P. 3(c)(1). The goal of these requirements is reasonable notice to the appellee: "If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." *Smith v. Barry*, 502 U.S. 244, 248–49 (1992); *see also* FED. R. APP. P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal . . . .").

On September 2, 2016, Pham filed a motion to amend his notice of appeal along with his opposition to Defendants' Motion to Enforce FED. R. APP. P. 10. [Doc. No. 36]. Pham seeks to amend his original Notice of Appeal "to appeal all of the rulings of the District Court adverse to his claims set forth in his original Complaint." *Id.* at 2. Specifically, Pham seeks to include this Court's April 8, 2016 denial of his Application for Temporary Restraining Order and Preliminary Injunction and this Court's interlocutory ruling on June 6, 2016, on the Defendants' Rule 12(b)(6) motion to

dismiss. *Id.*

District courts may, in their discretion, extend the time to file a notice of appeal if the party seeking to appeal moves for such relief within thirty days of the date when the notice of appeal originally should have been filed and demonstrates that the failure to meet the deadline was the result of excusable neglect or good cause. *See* FED. R. APP. P. 4(a)(5)(A). Rule 4 contains no special time limits for filing motions to amend a notice of appeal. *Id.*; *see In Re Mem'l Estates, Inc.*, No. 83 A 1119, 1990 WL 37622, at *2 (N.D. Ill. Mar. 22, 1990).

Here, Pham filed his amended notice of appeal on September 2, 2016. His time to appeal the Court's April 8, 2016 and June 6, 2016 decisions expired thirty days after the July 13, 2016 Judgment, on August 12, 2016. The thirty additional days provided for by Rule 4(a)(5)(A)(i) runs on September 13, 2016. Because a district court may extend the time for filing a notice of appeal if a party moves for an extension no later than 30 days after the initial 30–day period expires, the Court will allow Pham to amend his notice of appeal in this instance. Accordingly, to the extent Pham seeks to add this Court's orders dated April 8, 2016 and June 6, 2016 to his Notice of Appeal, his motion is **GRANTED**.

    **B.**    **Pham's Request for Transcripts of the July 7 & 8 Hearing**

The contents of the record on appeal are controlled by Federal Rule of Appellate Procedure 10. With regard to transcripts, the rule provides:

> (1) Appellant's Duty to Order. Within 14 days after filing the notice of appeal . . . the appellant must do either of the following:
>
>     (A) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary . . . ; or
>
>     (B) file a certificate stating that no transcript will be ordered.

4

. . .

> (3) Partial Transcript. Unless the entire transcript is ordered:
>
>> (A) the appellant must—within the 14 days provided in Rule 10(b)(1)—file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement;
>>
>> (B) if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered; and
>>
>> (C) unless within 14 days after service of that designation the appellant has ordered all such parts, and has so notified the appellee, the appellee may within the following 14 days either order the parts or move in the district court for an order requiring the appellant to do so.
>
> (4) Payment. At the time of ordering, a party must make satisfactory arrangements with the reporter for paying the cost of the transcript.

FED. R. APP. P. 10(b).

The Fifth Circuit has explained that "[t]he burden of presenting an adequate record on appeal is on the appellant." *Reddin v. Robinson Prop. Grp. Ltd. P'ship*, 239 F.3d 756, 759 (5th Cir. 2001). And "[w]hile an appellant is not always required to provide a complete transcript of district court proceedings, the appellant does have a duty to provide those portions that are necessary for a meaningful review." *Crompton Mfg. Co. Inc. v. Plant Fab, Inc.*, 91 Fed. Appx. 335, 338 (5th Cir. 2004) (citation omitted). Moreover, an appellant who fails to order the entire transcript "must—within the 14 days provided in Rule 10(b)(1)—file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both" that statement and the order for the transcripts. FED. R. APP. P. 10(b)(3)(A).

Pham's Notice of Appeal indicates that he is appealing the entirety of the July 13, 2016 ruling

and judgment. [Doc. No. 32]. Despite the broad nature of this appeal, Pham designated only the transcript of the opening statement and three witnesses from the July 7 and 8, 2016, hearing.

Pham explains that he is financially destitute and unable to afford the entire transcript of the hearing.[1] Pham notes that he "has no objection if the defendants wish to designate the remainder of the trial testimony/hearing and pay for its transcription. However, Rule 10 does not require the appellant to pay for an entire transcript." [Doc. 35, p. 2]. While Pham is correct that he is not required to pay for the entire transcript, he is required to provide transcript portions that are necessary for a meaningful review. *Crompton*, 91 Fed. App'x at 338.

Defendants initially claimed that Pham failed to order a complete transcript of the July 7 & 8, 2016 hearing or, alternatively, failed to file a statement of the issues that he intends to appeal. [Doc. No. 35]. In Pham's opposition to Defendants' instant motion, he now identifies the following as issues which he intends to appeal:

(2) Denial of Pham's request for preliminary and permanent injunctive relief;

(3) Granting of defendants' motion to dismiss Pham's claims for damages against the defendants in their individual capacities under 42 U.S.C. §1983 on the basis of qualified immunity, including the denial of costs, attorneys' fees, punative damages and all other relief sought by Pham in his Complaint under 42 U.S.C. § 1988.

---

[1] Rule 24(a) of the Rules of Appellate Procedure provides:

Leave to Proceed on Appeal in Forma Pauperis From District Court to Court of Appeals. A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor.

[Doc. No. 36].

As Defendants note, Pham attempts to request only a partial transcript while continuing to designate all of the issues considered at the July 7 & 8, 2016 hearing for appeal. The purpose of requiring appellants who provide only partial transcripts to state the issues for appeal is to allow the appellee to determine what portions of the transcripts are relevant or necessary. *See, e.g., Blake v. Trainer*, 148 F.2d 10, 13 (D.C. Cir. 1945) (discussing counsel's obligation to base transcript designations on the issues raised on appeal). By designating each issue of the July 7 & 8, 2016 hearing, Pham fails to limit the scope of his appeal to the requested transcript materials. Instead, Pham designates all of the issues considered during the July 7 & 8, 2016 hearing without providing all relevant and necessary portions of the transcript. For instance, Pham designates the Court's decision to grant each of the named defendants qualified immunity. [Doc. No. 36, p. 3]. However, he does not request a transcript of each defendant's testimony concerning their qualified immunity.

The Court finds that Pham is not in proper compliance with FED. R. APP. P. 10. Pham must either request a complete transcript of the July 7 & 8, 2016 hearing or, in the alternative, limit the designated issues for appeal. When the appellant plans to allege on appeal that "a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." FED. R. APP. P. 10(b)(2).

The Court orders Pham, within fourteen (14) days, to order a full transcript of the hearing concerning the July 13, 2016 ruling or, in the alternative, file a statement of the limited issues that he intends to present on appeal and serve on the Defendants a copy of the statement of issues in compliance with FED. R. APP. P. 10(b)(3)(A). Within 14 days of such service, an appellee who

"considers it necessary to have a transcript of other parts of the proceedings" must "file and serve on the appellant a designation of additional parts to be ordered." FED. R. APP. P. 10(b)(3)(B). If the appellant does not order the additional parts of the record appellee requests within fourteen (14) days, the appellee may "either order the parts or move in the district court for an order requiring the appellant to do so." FED. R. APP. P. 10(b)(3)(C).[2]

Additionally, Pham must also comply with these requirements with respect to the additional decisions that have been included in the Amended Notice of Appeal. Pham must request a full transcript of such parts of the proceedings that are necessary to this Court's April 8th and June 6th decisions, or, in the alternative, file a statement of the limited issues that he intends to present on appeal.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Enforce FED. R. APP. P. 10 [Doc. No. 35] is **GRANTED**.

Further, Pham's Motion to Amend the Notice of Appeal [Doc. No. 36], to the extent he seeks to add this Court's orders dated April 8, 2016 and June 6, 2016 to his Notice of Appeal, is **GRANTED**.

Further, Pham shall have fourteen **(14) days** to either order a full transcript of the July 7 & 8, 2016, hearing or, in the alternative, file a statement of the limited issues that he intends to present on appeal and must serve on the Defendants a copy of the statement of issues in compliance with FED. R. APP. P. 10(b)(3)(A).

---

[2] Additionally, "dismissal of an appeal for failure to provide a complete transcript of the record on appeal is within the discretion of the court." *Gulf Water Benefaction Co. v. Pub. Util. Comm'n of Texas*, 674 F.2d 462, 466 (5th Cir. 1982).

Finally, Pham shall have fourteen **(14) days** to either order a full transcript of such parts of the proceedings that are necessary to this Court's April 8th and June 6th decisions or, in the alternative, file a statement of the limited issues that he intends to present on appeal and must serve on the Defendants a copy of the statement of issues in compliance with FED. R. APP. P. 10(b)(3)(A).

MONROE, LOUISIANA, this 12th day of September, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE