# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

November 08, 2017

Mr. Tony R. Moore
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

      No. 16-30920    Dung Pham v. Univ of LA at Monroe, et al
                        USDC No. 3:16-CV-467

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Enclosed for the district court and counsel is the approved bill of costs.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Dantrell L. Johnson, Deputy Clerk
                              504-310-7689

cc w/encl:
    Ms. Linda Law Clark
    Mr. Daniel Clay Wirtz

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 16-30920

_____

D.C. Docket No. 3:16-CV-467

United States Court of Appeals
Fifth Circuit

**FILED**
October 17, 2017

Lyle W. Cayce
Clerk

DUNG QUOC PHAM,

      Plaintiff - Appellant

v.

BENNY BLAYLOCK, in his official capacity as Dean of the College of Pharmacy, University of Louisiana at Monroe; KEITH JACKSON, individually and in his official capacity as Faculty Chairperson of the Board of Ethics of the College of Pharmacy, University of Louisiana at Monroe; TIBB JACOBS, individually and in her official capacity as the Faculty Chairperson of the Board of Ethics of the College of Pharmacy, University of Louisiana at Monroe; MICHAEL COCKERHAM, individually and in his official capacity as Associate Dean for Academic Affairs of the College of Pharmacy, University of Louisiana at Monroe; KHALID EL SAYED, individually and in his official capacity as Professor of the College of Pharmacy, University of Louisiana at Monroe; ERIC A. PANI, individually and in his official capacity as Vice President for Academic Affairs, University of Louisiana at Monroe; SHERRYE CARRADINE, individually and in her official capacity as In-House Counsel, University of Louisiana at Monroe; UNIVERSITY OF LOUISIANA SYSTEM BOARD OF SUPERVISORS,

      Defendants - Appellees

Appeals from the United States District Court for the
Western District of Louisiana

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

**Certified as a true copy and issued as the mandate on** Nov 08, 2017

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30920

United States Court of Appeals
Fifth Circuit
**FILED**
October 17, 2017

Lyle W. Cayce
Clerk

DUNG QUOC PHAM,

    Plaintiff - Appellant

v.

BENNY BLAYLOCK, in his official capacity as Dean of the College of Pharmacy, University of Louisiana at Monroe; KEITH JACKSON, individually and in his official capacity as Faculty Chairperson of the Board of Ethics of the College of Pharmacy, University of Louisiana at Monroe; TIBB JACOBS, individually and in her official capacity as the Faculty Chairperson of the Board of Ethics of the College of Pharmacy, University of Louisiana at Monroe; MICHAEL COCKERHAM, individually and in his official capacity as Associate Dean for Academic Affairs of the College of Pharmacy, University of Louisiana at Monroe; KHALID EL SAYED, individually and in his official capacity as Professor of the College of Pharmacy, University of Louisiana at Monroe; ERIC A. PANI, individually and in his official capacity as Vice President for Academic Affairs, University of Louisiana at Monroe; SHERRYE CARRADINE, individually and in her official capacity as In-House Counsel, University of Louisiana at Monroe; UNIVERSITY OF LOUISIANA SYSTEM BOARD OF SUPERVISORS,

    Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No: 3:16-CV-467

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

No. 16-30920

PER CURIAM:*

Dung Quoc Pham sued the defendants for their involvement in the disciplinary proceedings that led to his expulsion from the pharmacy school at the University of Louisiana at Monroe ("ULM"). He sought injunctive relief and monetary damages. The district court denied Pham an injunction and granted the defendants' motion to dismiss the claims for monetary damages on the basis of qualified immunity. AFFIRMED.

## FACTUAL AND PROCEDURAL BACKGROUND

After two incidents that ULM determined to constitute cheating, the school expelled Pham, a third-year pharmacy student. The first incident occurred in 2015. Test administrators witnessed Pham and another student looking at each other's computer screens during an examination and reported them as having cheated. The administration notified Pham of the allegations in writing. Pham requested and received a hearing with the Board of Ethics. At the end of the hearing, the Board recommended that Pham receive a zero on the examination and be placed on probation.

One of the professors who reported the incident allegedly encouraged Pham to write a letter to the Dean of the Pharmacy School. Pham wrote the letter, apologizing for the misconduct but not admitting any fault. After review, the Dean adopted the recommendation of the Board. Pham then appealed that decision to the Vice President of Academic Affairs. The Vice President affirmed the Board's decision, a decision motivated at least in part by Pham's previous letter of apology. The school placed Pham on probation.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 16-30920    Document: 00514229186    Page: 3    Date Filed: 11/08/2017
Case 3:16-cv-00467-TAD-KLH   Document 47   Filed 11/08/17   Page 6 of 13 PageID #: 1186

No. 16-30920

A second incident occurred during the next semester. A professor claimed that Pham did not stop writing at the end of the test when he was instructed to do so. When Pham finally did stop, the professor saw that there were packets of paper under his test. She confronted him, accused him of cheating, and reported his conduct to the administration. Pham received written notice that he had been accused of violating a rule prohibiting use or possession of unauthorized materials during a test. This time represented by counsel, Pham denied the allegations and requested a hearing, which the school granted. Pham also requested the opportunity to cross-examine witnesses and to examine the answer sheet from the incident. The school denied these requests.

After the hearing, the Board found Pham guilty of using unauthorized materials and recommended that he be expelled. The Dean notified Pham that he intended to adopt the Board's findings and recommendation. Although the school's Code of Ethical and Professional Conduct required the school to provide Pham with the Board's findings of fact and conclusions, Pham never received them.

Pham's counsel wrote a letter to the administration describing the ways in which the Board failed to comply with the Code. The administration then provided Pham with the Board's findings of facts and conclusions and provided a supplemental hearing during which Pham was permitted to cross-examine witnesses. The supplemental hearing did not change the Board's decision to expel Pham. Pham appealed to the Vice President who upheld the decision to expel Pham. Although initially charged with *use* of unauthorized material, the Vice President upheld the expulsion for *possession* of unauthorized material.

Days later, Pham filed suit seeking a temporary restraining order, a preliminary injunction, and monetary damages. The district court denied the

Case: 16-30920   Document: 00514229186   Page: 4   Date Filed: 11/08/2017
Case 3:16-cv-00467-TAD-KLH   Document 47   Filed 11/08/17   Page 7 of 13 PageID #: 1187

No. 16-30920

motion for a temporary restraining order, and the defendants filed a motion to dismiss. After supplemental briefing and a hearing, the district court denied Pham's motion for a preliminary injunction and granted the defendants' motion to dismiss on the basis of qualified immunity. Pham timely appealed.

## DISCUSSION

Pham presents ten grounds for appeal. We will address those issues in a collective manner as we analyze whether Pham was entitled to an injunction and whether the individual defendants were entitled to qualified immunity.

### I. *Preliminary Injunction*

We review the denial of injunctive relief for an abuse of discretion. *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 901–02 (5th Cir. 2016). A district court abuses its discretion when it relies on erroneous findings of fact or legal conclusions or when it misapplies findings of facts or conclusions of law. *Aransas Project v. Shaw*, 775 F.3d 641, 663 (5th Cir. 2014). Underlying factual findings are reviewed for clear error, while legal conclusions are reviewed *de novo*. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 284–85 (5th Cir. 1999).

Injunctive relief is an "extraordinary remedy." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). In order for injunctive relief to be appropriate, the movant must establish four requirements: "substantial likelihood of success on the merits, substantial threat of irreparable harm absent an injunction, a balance of hardships in [the moving party's] favor, and no disservice to the public interest." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

Case: 16-30920      Document: 00514229186      Page: 5      Date Filed: 11/08/2017
Case 3:16-cv-00467-TAD-KLH   Document 47   Filed 11/08/17   Page 8 of 13 PageID #: 1188

No. 16-30920

It is necessary for us to discuss only one of the factors, namely, whether Pham has established a substantial likelihood of success on his due process claims. In order to demonstrate a violation of the protections of the Fourteenth Amendment, the party expelled from school must demonstrate that his dismissal "deprived [him] of either a 'liberty' or 'property' interest." *Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82 (1978). For purposes of our analysis, we will assume Pham was entitled to those protections. We turn to whether he was afforded due process prior to ULM's taking action. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).

Before a student is dismissed for disciplinary reasons, procedural due process requires that he receive notice of the charges and a chance to rebut them. *See Goss v. Lopez*, 419 U.S. 565, 581 (1975). He is entitled to know the evidence or the witnesses testifying against him. *Dixon v. Ala. State Bd. of Educ.*, 294 F.2d 150, 159 (5th Cir. 1961). A court-like hearing that includes an opportunity to cross-examine witnesses is not required, but the hearing must at least present the decisionmaker with the arguments of both sides in sufficient detail. *Id.* Due process also requires a neutral and unbiased decisionmaker. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

Pham's principal complaint is that the Board violated its own set of rules. This includes the Board's failing to provide him with written findings of fact and denying him the opportunity to cross-examine witnesses. We have previously held that a university's failure to comply with its own rules does not give rise to a constitutional violation as long as the aggrieved party "was in fact given the process guaranteed him by the Constitution." *Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1231 (5th Cir. 1985). Pham received notice and a hearing regarding both incidents. Each time, the school notified Pham of the allegations against him. It also provided Pham with an opportunity to

Case: 16-30920    Document: 00514229186    Page: 6    Date Filed: 11/08/2017
Case 3:16-cv-00467-TAD-KLH   Document 47   Filed 11/08/17   Page 9 of 13 PageID #: 1189

No. 16-30920

rebut the allegations brought against him at the hearings. Pham argues his notice and hearing in the second incident were insufficient because the initial charge was for *use* of unauthorized materials, and he was ultimately expelled for *possession* of unauthorized materials. We are unpersuaded. The rule that Pham was accused of violating bans both the use and possession of unauthorized materials. Thus, the notice and hearing that Pham received satisfied constitutional requirements.

Pham also complains of bias when the school addressed the first cheating incident. That bias allegedly existed because of the involvement of the professor who encouraged him to write the letter of apology. A decisionmaker is unconstitutionally biased when he "has a pecuniary interest in the outcome" or "has been the target of personal abuse or criticism from the party" under scrutiny. *Withrow*, 421 U.S. at 47. To prove bias, Pham must "overcome a presumption of honesty and integrity in those serving as adjudicators[.]" *See id.* Pham's allegations do not overcome the presumption.

Substantive due process under the Fourteenth Amendment protects individuals against conduct that "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172 (1952). In this context, substantive due process amounts to a "constitutional protection against arbitrary dismissal[.]" *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223 (1985). "[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense[.]'" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 129 (1992)). None of the Board's alleged violations of its own rules are of the nature to offend substantive due process.

Pham also argues that ULM violated its contractual relationship with him. Claims such as this by a citizen against an agency of his state are barred

Case: 16-30920     Document: 00514229186     Page: 7     Date Filed: 11/08/2017
Case 3:16-cv-00467-TAD-KLH  Document 47  Filed 11/08/17  Page 10 of 13 PageID #: 1190

No. 16-30920

by the Eleventh Amendment. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986).

Because Pham has not shown any likelihood of success on the merits, we do not address his arguments as to the remaining three requirements for injunctive relief. *See La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 225 (5th Cir. 2010). The district court did not abuse its discretion in denying Pham's request for injunctive relief.

## II.  *Permanent Injunction*

We point out that the district court specifically analyzed the relevant factors for a *preliminary* injunction. After concluding its analysis, the district court summarized its ruling as being a denial of Pham's motion for a preliminary injunction and a grant of the defendants' motion to dismiss them in their individual capacities from the claims for monetary damages. The district court then entered a judgment denying the motion for a preliminary injunction and granting a dismissal with prejudice of Pham's claims against the individual defendants for monetary damages. We will discuss the dismissal based on qualified immunity subsequently. The question here is whether anything remains to be resolved regarding an injunction. The district court squarely denied the request for a preliminary injunction, but it did not directly address the request for a permanent injunction.

An appeal from the grant or denial of a preliminary injunction is permitted, *see* 28 U.S.C. § 1292 (a)(1), but here, a motion for a permanent injunction remains unresolved. Generally, appellate courts reviewing preliminary injunctions do not consider the merits except "to the extent necessary to decide" the matter on appeal. *Mercury Motor Exps., Inc. v. Brinke*, 475 F.2d 1086, 1091 (5th Cir. 1973). Even so, the court's review "is not confined

Case: 16-30920   Document: 00514229186   Page: 8   Date Filed: 11/08/2017
Case 3:16-cv-00467-TAD-KLH Document 47 Filed 11/08/17 Page 11 of 13 PageID #: 1191

No. 16-30920

to the act of granting the injunctio[n], but extends as well to determining whether there is any insuperable objection, in point of jurisdiction or merits, to the maintenance of [the] bill, and, if so, to directing a final decree dismissing it." *Munaf v. Geren*, 553 U.S. 674, 691 (2008) (quoting *City and Cnty. of Denver v. New York Trust Co.*, 229 U.S. 123, 136 (1913)). Deciding a case on the merits may be particularly appropriate where the injunction's validity depends on a matter of law on which the plaintiff cannot prevail. *Id.* In determining whether to rule on the merits on the appeal of a preliminary injunction, this court has considered, among other things, whether the parties have presented arguments on the merits during the course of the appeal. *See Ballas v. Symm*, 494 F.2d 1167, 1170–71 (5th Cir. 1974).

Pham briefed his arguments as if the district court had denied the T.R.O. and both the preliminary and permanent injunctions, stating that the "district court denied Pham's application for a temporary restraining order and request for preliminary and permanent injunctive relief on the basis" that Pham failed to show "a substantial likelihood of success on the merits." The relief Pham requested here is that we "reverse the district court's decision denying Pham's request for preliminary and permanent injunctive relief." The constitutional issues have been briefed. The standard for issuing a permanent injunction is "essentially the same" as the standard for issuing a preliminary injunction. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004). Instead of proving a substantial likelihood of success on the merits, though, the plaintiff must actually prevail on the merits. *Id.* We have held that there was no constitutional violation. As a result, this is a rare case in which we are able to decide the case on the merits to avoid further proceedings in the district court and promote "the interest of judicial economy." *Ballas*, 494 F.2d at 1171. We now hold that there is no right to a permanent injunction.

Case: 16-30920    Document: 00514229186    Page: 9    Date Filed: 11/08/2017
Case 3:16-cv-00467-TAD-KLH   Document 47   Filed 11/08/17   Page 12 of 13 PageID #: 1192

No. 16-30920

### III.  *Qualified Immunity*

Pham argues that qualified immunity was inappropriate in this case because the defendants allegedly violated the school's rules.  Even if so, violation of school rules alone does not constitute a constitutional violation. Qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To overcome this affirmative defense, the "plaintiff must show that the evidence, viewed in the light most favorable to him, is sufficient to establish a genuine dispute (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014) (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011)).  The plaintiff does not have to identify a case that is directly on point, but prior cases must have placed the constitutional issue beyond question.  *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011) (en banc).

The process Pham received satisfied constitutional requirements. Because Pham suffered no constitutional injury, qualified immunity applies, and the district court correctly dismissed his monetary claims against the individual defendants.

AFFIRMED.

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

# BILL OF COSTS

NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion, See* FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

Dung Pham v. Univ of LA at Monroe, et al.    No. 16-30920

The Clerk is requested to tax the following costs against: Dung Pham, Appellant

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($500.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other: Binding, see attached | 10 | | 2.5 + Tax | 0 | 10 | | 1.50 | 15.00 |
| Tax | | | | | | | | 1.50 |
| | | | Total $ | 0  27.50 | | | Costs are taxed in the amount of $ | 16.50 |

Costs are hereby taxed in the amount of $ 16.50 this 8th day of November, 2017.

LYLE W. CAYCE, CLERK

State of
County of Louisiana, Parish of East Baton Rouge

By _____
Deputy Clerk

I Linda Law Clark, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to and emailed opposing counsel, with postage fully prepaid thereon. This 23rd day of October, 2017.

/s/ Linda Law Clark
(Signature)

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

Attorney for Appellees, Listed on attachment